```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ABDULLAH ABDULLA MOHAMMAD
aka ROBERTO S. EAVES,

                        Plaintiff,
                                                                MEMORANDUM
        -against-                                               AND ORDER
                                                                07-CV-3796 (JG)(LB)


VA ROOMING HOUSE, U.S. DEPARTMENT
OF VETERANS AFFAIRS, FEDERAL BUREAU
OF INVESTIGATION, and NEW YORK CITY
TRANSIT AUTHORITY,

                        Defendants.
-----------------------------------------------------------------x
A P P E A R A N C E S :

        ROBERTO S. EAVES, also known as ABDULLAH ABDULLA MOHAMMAD
                1135 Eastern Parkway
                Brooklyn, NY 11213
                Plaintiff, Pro Se

        BENTON J. CAMPBELL
                United States Attorney
                Eastern District of New York
                271 Cadman Plaza East
                Brooklyn, NY 11201
        By:     Gail A. Matthews
                Attorney for Defendants VA Rooming House, U.S. Department of Veterans
                Affairs, and Federal Bureau of Investigation

        MARTIN B. SCHNABEL
                Vice President and General Counsel
                New York City Transit Authority
                130 Livingston Street, 12th Floor
                Brooklyn, NY 11201
        By:     Michele L. Sheridan
                Attorney for Defendant New York City Transit Authority
```

JOHN GLEESON, United States District Judge:

On August 6, 2007, plaintiff Roberto S. Eaves, who is also known as Abdullah Abdulla Mohammad, commenced this *pro se* action alleging various torts by employees of the U.S. Department of Veterans Affairs ("VA"); agents of the Federal Bureau of Investigation ("FBI"); and employment discrimination by employees of the New York City Transit Authority ("NYCTA"). The defendants move to dismiss or, in the alternative, for summary judgment. For the reasons stated below, the motions are granted.

BACKGROUND

Eaves submitted a handwritten complaint on August 6, 2007. The complaint was extremely difficult to decipher, and in an order dated September 13, 2007, I directed him to submit a legible amended complaint. On September 18, 2007, Eaves filed with this Court a handwritten amended complaint, which was not significantly easier to decipher. I directed Eaves to appear before me on October 26, 2007, at which time he made several allegations.

In his appearance, Eaves alleged that approximately two years ago, a female doctor at a VA hospital on 23rd Street and First Avenue committed medical malpractice by forcing him to take potassium pills that gave him hypertension.

Eaves also alleged that in 2005, while he was at a VA rooming house at 832 Knickerbocker Avenue in Brooklyn, several FBI agents removed him from his room, handcuffed him, and placed him in Woodhull Hospital and then in Staten Island hospital against his will, falsely alleging that he had 5 kilograms of crack cocaine and a machine gun. He claims he was not taken to court regarding this incident.

Eaves claimed that approximately three years ago he applied for a motorman

2

position in the NYCTA, and when he took the test the proctor took his exam sheet (of approximately 150 questions) and used a grading grid to quickly determine Eaves's score. The proctor told Eaves that he had gotten 98% correct on the motorman's examination. However, Eaves later received a score of 40% in the mail from the NYCTA. He believes that the NYCTA discriminatorily reduced his score based on his Islamic alias.

He also alleged that approximately 4 years ago, a social worker named Anthony at a VA facility in Lyons, New Jersey gave Verizon $4000 from Eaves's patient account, ostensibly to pay a $235 phone bill that Eaves had already paid. Eaves believes that Anthony did this in order to embezzle the funds from his patient account.

Eaves also claimed that approximately six years ago, a social worker named Daniel Guerton at a VA facility in Montrose, New York embezzled $3500 from Eaves's patient account and absconded by getting transferred to Vermont. Eaves claims he complained about this and the VA covered up Guerton's embezzlement.

Eaves further complained that he mailed the Secretary of Defense a blueprint of a military vehicle that would help protect United States soldiers, and that the Secretary of Defense did not use his blueprint.

Eaves claimed that he has not filed any lawsuits in his life before. A search of the Eastern District of New York's electronic case filing system revealed several cases which may have involved Eaves. *See Reaves v. Suerton*, No. 04-CV-3963 (DLI)(KAM) (E.D.N.Y. Feb. 7, 2005); *Eaves v. Marine*, No. 04-CV-4545 (ARR)(LB) (E.D.N.Y. Jan. 11, 2005); *United States v. Eaves*, No. 97-MJ-1808 (RLM) (E.D.N.Y. March 5, 1998).

Construing his complaint liberally, as I was obliged to do, *McEachin v.*

*McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), by order dated November 7, 2007, I granted him leave to proceed *in forma pauperis* and deemed his handwritten complaint amended to include the claims he made orally at his October 26, 2007 appearance. The defendants have moved to dismiss or, in the alternative, for summary judgment.

## DISCUSSION

A.  *Legal Standard*

    1.  *Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). The standards for reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are the same. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (setting forth both standards).

Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss.

4

*Twombly*, 127 S. Ct. at 1964-65.  The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

In deciding the defendants' motions, I may consider documents attached to the complaint as exhibits or documents upon whose terms the complaint relies.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (noting that documents may not be considered if there are genuine questions as to their authenticity or accuracy).  I may also consider documents submitted in administrative proceedings.  *See, e.g.*, *Kahn v. iBiquity Digital Corp.*, No. 06-CV-1536 (NRB), 2006 WL 3592366, at *1 n.1 (S.D.N.Y. Dec. 7, 2006) (noting that a court may consider public records and documents presented in administrative proceedings in deciding a motion to dismiss).

2. *Motion for Summary Judgment*

The defendants move in the alternative for summary judgment against Eaves, and all have submitted the required notice advising him of the need to present evidence in opposition to their motions for summary judgment.

Under Federal Rule of Civil Procedure 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) ("[T]he burden is on the moving party to demonstrate that no genuine issue respecting any

material fact exists." (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975))). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*), and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)).

Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)). The nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. *Matsushita*, 475 U.S. at 586. Summary judgment is proper when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223-24 (citations omitted).

B.   *Eaves's Discrimination Claim Against the NYCTA*

I construe Eaves's claim against the NYCTA as one for religious discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). However, a plaintiff must make an administrative complaint with the Equal

6

Employment Opportunity Commission ("EEOC") before filing a Title VII claim in federal court. 42 U.S.C. § 2000e-5(f)(1). The administrative complaint must be made within 180 days, or 300 days if the plaintiff first files a complaint with an appropriate state or local agency. § 2000e-5(e)(1); *accord, e.g.*, *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 n.1 (2002). A plaintiff's failure to timely file an administrative complaint bars a federal court from hearing a civil action based on that discriminatory conduct. *See, e.g.*, *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred.").

Eaves does not appear to have filed an administrative complaint regarding this claim. Over 180 days have now elapsed since he received his results on January 27, 2005, and so his claim is now time-barred. Accordingly, his complaint against the NYCTA is dismissed.

C.  *Eaves's Tort Claims Against the VA*

Eaves's claims that VA employees stole from his patient account and that a VA doctor committed medical malpractice could be read as claims against the United States under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2679(b)(1) (noting that suit against the United States is the exclusive remedy for such claims). However, it would be futile to substitute the United States as a defendant in this proceeding, as Eaves has failed to comply with the FTCA's statute of limitations.

Under the FTCA, a plaintiff may not proceed in federal court without first presenting his claim to the appropriate agency and receiving a final denial. 28 U.S.C. § 2675(a). This requirement is jurisdictional and non-waivable. *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983). After the agency mails a notice of final denial by certified or registered

mail, a plaintiff must file an action in federal court within six months or be "forever barred" from doing so.  28 U.S.C. § 2401(b); *see, e.g.*, *Santiago v. United States*, No. 02-CV-4896 (SDF) (ETB), 2004 WL 758196, at *1-*2 (E.D.N.Y. Jan. 28, 2004) (dismissing as time-barred complaint filed six months and one day after the agency's denial).  This six-month limitations period begins to run when the final denial notices are properly mailed, regardless of whether they are received.  *See Pascarella v. United States*, 582 F. Supp. 790, 792 (D. Conn. 1984) ("Actual receipt of the notice . . . is not required by the statute.  An action against the United States must be begun within six months after the *mailing* of the notice of final denial.").  These requirements apply to *pro se* plaintiffs as well as those who proceed with counsel.  *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004).

Eaves filed administrative tort claims with the VA concerning the incidents he complains of here.  Christopher Wood Declaration Ex. A-D, Jan. 18, 2008.  The last such claim was filed on May 23, 2003.  The VA mailed final denial letters for all of his claims on June 22, 2004 by certified mail.  This claim is time-barred because he did not file it until August 6, 2007, well after December 22, 2004.[1]

Therefore, it would be futile to substitute the United States for the VA in this case, as Eaves would have no right to relief against the United States.  Accordingly, the VA's motion to dismiss Eaves's claims is granted.

---

[1] It appears that Eaves did file two actions within the limitations period with respect to this claim, but both complaints were dismissed pursuant to Rule 8(a) due largely to his poor handwriting.  *Reaves*, 04-CV-3963 (DLI) (KAM); *Eaves*, 04-CV-4545 (ARR) (LB).  However, Rule 15(c) does not allow pleadings to relate back to pleadings filed in earlier cases.  *See Vélez-Díaz v. United States*, 507 F.3d 717, 719 (1st Cir. 2007) ("Rule 15(c), by its terms, applies to amended pleadings in the *same* action as an original, timely pleading:  the pleading sought to be amended may not be a pleading filed in a different case." (emphasis in original)).  Indeed, Eaves denied even filing the earlier lawsuits, and certainly did not seek to relate this action back to them.

D.   *Eaves's Tort and Constitutional Tort Claims Against the FBI*

To the extent that Eaves's allegations regarding the FBI state claims under the Federal Tort Claims Act, it would also be futile to substitute the United States as defendant for those claims.  While Eaves complained to the VA about the FBI's removing him from a VA residence, he did not complain to the FBI of this claim.   However, as his complaint was an administrative claim alleging events in which "more than one Federal agency is or may be involved," it was covered by 28 C.F.R. § 14.2(b)(2), and thus was filed with the "appropriate Federal agency" under 28 U.S.C. § 2675(a).  When an agency receives a claim alleging the potential involvement of more than one agency, the agency receiving the claim is directed to "contact all other affected agencies in order to designate the single agency which will thereafter investigate and decide the merits of the claim." 28 C.F.R. § 14.2(b)(2).  The designated agency is also required to notify the claimant that all future correspondence be directed to it.  *Id.*  The record does not reflect whether the VA contacted the FBI to coordinate a response or notified Eaves that all further correspondence be directed to the VA, but the VA did issue a final decision as to the merits of the claim.  Thus, I consider the claim to have been filed with the "appropriate Federal agency" for the purposes of the FCTA.  *See Thomas v. United States*, No. 04-CV-114, 2005 WL 757268, *6 (E.D. La. Mar. 31, 2005) (finding that a claim filed with VA alleging that Secret Service agents harassed the claimant while he was hospitalized at a VA facility was governed by 28 C.F.R. § 14.2(b)(2) and that the VA was the "appropriate Federal agency" even for a claim involving the Secret Service).

Eaves's claims regarding this incident were denied by the VA on June 22, 2004,

9

and as discussed above, he did not file this lawsuit until well after the FTCA's six-month limitations period had expired. Therefore, it would be futile to substitute the United States as defendant for these claims. Accordingly, any claims against the FBI under the FTCA are dismissed.

To the extent that Eaves's claims against the FBI give rise to a constitutional tort claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the FBI is not a proper defendant. *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding *Bivens* inapplicable to agencies). It would be futile to substitute the officers in their individual capacities, however. While Eaves claims that this incident happened approximately two years ago, if I substituted the officers in their individual capacity I would grant summary judgment due to the fact that on June 10, 2003, Eaves filed an administrative complaint with the VA alleging the exact same incident. While the complaint did not specify what date the incident occurred, June 10, 2003 is itself outside the three-year limitations period applicable to *Bivens* actions. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (applying three-year statute of limitations to *Bivens* claims brought in New York federal courts). Eaves has not produced sufficient evidence to allow a reasonable jury to conclude that the incident he complained of happened twice -- once before June 10, 2003, and once in 2005. Therefore, I dismiss all claims against the FBI.

## CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 15, 2008
Brooklyn, New York